UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| TRUIST BANK f/k/a Branch Banking and Trust Company, a North Carolina state chartered banking corporation,<br><br>Plaintiff,<br><br>vs.<br><br>575 BOULEVARD, L.L.C., JEFFREY WILSON and TRACY TERRILL,<br><br>Defendants. | ) | CIVIL ACTION FILE<br><br>1:22-CV-01779-AT |

**DEFENDANTS' MOTION TO DISMISS**
**PLAINTIFF'S COMPLAINT FOR DAMAGES**

COME NOW 575 BOULEVARD, L.L.C. ("Boulevard"), JEFFREY WILSON ("Wilson") and TRACY TERRILL ("Terrill"), the co-Defendants in the above-styled civil action, and hereby file their Motion to Dismiss Plaintiff's Complaint for Damages (the "Dismiss Motion") and show this honorable Court in support thereof as follows:

A. STANDARD FOR MOTION TO DISMISS AND JURISDICTION.

Under Fed. R. Civ. P. 12(b), for a motion to dismiss to be granted, Plaintiff's complaint factually accepted as correct must evidence that there is no set of facts

entitling him to relief authorizing the court to dismiss a complaint on the basis of a dispositive issue of law. Brown v. Crawford County, 960 F. 2d 1002 (11th Cir. 1992) *citing* Executive 100, Inc. v. Martin County, 922 F. 2d 1536 (11th Cir. 1991) and Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). The Court is not required to accept as true bare legal assertions supported by mere conclusory statements. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009) *cited by* Graveling v. Castle Mortgage Co., 11th Cir. No. 14-15198.

B. LACK OF VALID SERVICE ON DEFENDANT BOULEVARD.

Rule 4 of the Federal Rules of Civil Procedure requires a plaintiff to serve each defendant with a copy of both the summons and the complaint unless the defendant waives service. Fed. R. Civ. P. 4(c)(1), (d). The rule specifies that the complaint and summons must be served in person by a non-party of appropriate age; this is so whether the defendant is an individual or a corporation. *See* id. at 4(e)(2), (h). The rules alternatively permit a plaintiff to carry out service in any way that complies with the law of either the state in which the federal district court sits, or the state in which the plaintiff attempted to serve the defendant. Fed. R. Civ. P. 4(e)(1). *See also* Cooley v. Ocwen Loan Servicing, L.L.C. (11th Cir. 2018)

Plaintiff has attempted to serve Defendant Boulevard pursuant to Georgia law under O.C.G.A. § 14-11-209(f), which provides as follows:

> Whenever a limited liability company shall fail to appoint or maintain a registered agent in this state or whenever its registered agent cannot with

> reasonable diligence be found at the registered office, the Secretary of State shall be an agent of such limited liability company upon whom any process, notice, or demand may be served. ... The plaintiff or his or her attorney shall certify in writing ... that he or she has forwarded by ... statutory overnight delivery such process, notice or demand to the most recent registered office listed on the records of the Secretary of State and that service cannot be effected at such office.

First, Plaintiff argues via the Affidavit of Service executed by Dylan Kelley that he attempted service at the registered office for Defendant Boulevard located at 103 N. Bartow Street, Nashville, GA 31639, but that "the current resident at that address, a Mr. Young, stated that he does not know Mr. Wilson." However, such address is a small business building and is not a residence. A true and correct copy of a photo of the building located at 103 N. Bartow Street, Nashville, GA 31639 is attached hereto as Exhibit "A" and is incorporated herein by reference. There is no Mr. Young or anyone else who resides there, nor does any Mr. Young work there or have access to that building. Instead, the small office building is owned and controlled by Mr. Wilson and/or his spouse. Obviously, Dylan Kelley who executed the Affidavit of Service was at the wrong address.

Second, Plaintiff then argues via the Affidavit of Service executed by Dylan Kelley regarding Mr. Wilson (which Plaintiff has filed with this court as evidence of service on Mr. Wilson individually) that Mr. Wilson "cannot with reasonable diligence be found at the registered office ..." (See the Affidavit of Brian J Levy filed herein with the Notice of Filing Certificate of Acknowledgement.) Plaintiff

then references the home address of Mr. Wilson (408 W. Dennis Avenue, Nashville, Georgia 31639) but oddly states that Mr. Wilson was individually served by serving Mr. Wilson's spouse next door. Plaintiff therefore argues in this matter that while Plaintiff has served Mr. Wilson individually, Mr. Wilson cannot be found after due diligence. Clearly, Mr. Wilson has a valid registered office and a home address (and a spouse) all in Nashville, Georgia and he can easily be found for service of process.

Third, the Affidavit of Brian J. Levy then states that he sent various documents to Defendant Boulevard's registered address via overnight mail, but Mr. Levy failed to inform Georgia's Secretary of State (or this Court) that such overnight package was delivered. A true and correct copy of the FedEx package along with delivery confirmation indicating delivery of such package on Thursday, June 2, 2022, at 1:30 p.m. is attached hereto as Exhibit "B" and is incorporated herein by reference. FedEx could find Defendant Boulevard at its registered address; Defendant Boulevard is not sure why the process server could not.

Consequently, Plaintiff has not complied whatsoever with any service requirements on Defendant Boulevard, including pursuant to F. R. Civ. P. 4 or O.C.G.A. § 14-11-209. *See also* Arias v. Cameron, 776 F. 3d 1262 (11th Cir. 2015). "Although substituted service may be appropriate when a corporation fails to comply with the registered agent requirements," such service is not sufficient

"when the plaintiff has actual knowledge of the corporation's current correct address and the location of corporate officers who may be properly served under O.C.G.A. § 9-11-4(e)(1)." Stone Exchange, Inc. v. Surface Technology Corp. of Ga., 269 Ga. App. 770, 605 S.E. 2d 404, 406 (2004). Defendant Boulevard has a valid registered agent and a valid registered address filed with the Secretary of State's office for the State of Georgia. Defendant Boulevard's registered agent also has a home address (and a spouse) of which Plaintiff is obviously aware. Nevertheless, Plaintiff has failed and refused to diligently perfect service on Defendant Boulevard's registered agent (even though at the same time Plaintiff claims to have served that same registered agent individually). Consequently, this lawsuit should be dismissed against Defendant Boulevard unless service is properly perfected within the time allowed in Rule 4.

C. LACK OF VALID SERVICE ON DEFENDANT WILSON.

Fed. R. Civ. P. 4(e) addresses service on individuals within a judicial district of the United States. Rule 4(e)(2)(B) allows for service "by leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there". *See* Cohen v. Office Depot, 184 F. 3d 1292 (11th Cir. 1999) *citing* Hanna v. Plumer, 380 U.S. 460, 85 S. Ct. 1136, 14 L. Ed. 2d 8 (1965). The Affidavit of Service executed by Dylan Kelley with regard to Defendant Wilson correctly indicates Defendant Wilson's "dwelling or usual place

of abode" as 408 W. Dennis Avenue, Nashville, GA, but then states service occurred on a female resident spouse, but such service occurred according to the affidavit next door at 406 W. Dennis Avenue, Nashville, Georgia (instead of at 408 W. Dennis Avenue). As a result, service was improper as it did not occur at Defendant Wilson's "dwelling or usual place of abode", which is evident from the face of the Affidavit of Service executed by Dylan Kelley. Consequently, service on Defendant Wilson was improper and this lawsuit should be dismissed against Defendant Wilson unless service is properly perfected within the time allowed in Rule 4.

D. LACK OF VALID SERVICE ON DEFENDANT TERRILL.

Rule 4(e), F. R. Civ. P., again addresses service on individuals within a judicial district of the United States. However, the Affidavit of Service executed by Michael Rivers on Defendant Terrill indicates it was served for Bryce Angell of The Angell Law Firm, who is not a lawyer who has entered an appearance in this case on behalf of any party in this case. Consequently, because service occurred for someone who is an attorney who does not represent any party in this case, such service is tantamount to being no service at all. See Albra v. Advan, Inc., 490 F. 3d 826 (11th Cir. 2007). Consequently, service on Defendant Terrill was improper and this lawsuit should be dismissed against Defendant Terrill unless service is properly perfected within the time allowed in Rule 4.

WHEREFORE, the Defendants request that this honorable Court dismiss this civil action and for such other and further relief as this honorable Court deems just and proper.

Respectfully submitted this 17TH day of June, 2022.

JOHNSON LEGAL OFFICES, L.L.C.

By: ______________________
Larry W. Johnson
Georgia Bar No. 394895
Attorney for Defendants

JOHNSON LEGAL OFFICES, L.L.C.
138 Hammond Drive, Suite B
Atlanta, GA 30328
Telephone: (404) 486-2361
Facsimile: (404) 393-0826
Email: LJohnson@SuretyBondsAgency.com
BoulevardDismMotion01

CERTIFICATE OF COMPLIANCE WITH L.R. 5.1C

The undersigned hereby certifies that the foregoing document has been computer processed with 14 point Times New Roman font in compliance with the United States District Court for the Northern District of Georgia Local Rule 5.1C.

Respectfully submitted this 17TH day of June, 2022.

JOHNSON LEGAL OFFICES, L.L.C.

By: ______________________________
Larry W. Johnson
Georgia Bar No. 394896
Attorney for Defendants

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES was served upon all parties electronically via the Court's system, plus the following who was also served by mailing same by United States First Class Mail (or better) in a properly addressed envelope with adequate postage affixed thereon to ensure delivery, addressed as follows:

Brian Levy, Esq.
Paul G. Durdaller, Esq.
BURR & FORMAN, L.L.P.
171 17th Street, N.W.
Suite 1100
Atlanta, GA 30363
Attorneys for Plaintiff

This 17TH day of June, 2022.

Larry W. Johnson
Attorney for Defendants

JOHNSON LEGAL OFFICES, L.L.C.
138 Hammond Drive, Suite B
Atlanta, GA 30328
Telephone: (404) 486-2361
Facsimile: (404) 393-0826
Email: LJohnson@SuretyBondsAgency.com